IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HILLARY C. BITTER                                                                                          PLAINTIFF

　　v.　　　　　　　　　CIVIL NO. 5:25-05182-TLB

FRANK J. BISIGNANO, Commissioner
Social Security Administration[1]                                                                    DEFENDANT

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Plaintiff Hillary C. Bitter appealed the Commissioner's denial of benefits to this Court. On December 22, 2025, Chief U.S. District Judge Timothy L. Brooks adopted the undersigned's Report and Recommendation, and remanded Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (ECF Nos. 14, 15).

**1.　Background**

On January 21, 2026, Plaintiff filed a Motion seeking an award of attorney's fees in the total amount of $5,859.00 pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). (ECF No. 16). Defendant responded on January 26, 2026, offering no objection. (ECF No. 19). The Motion was referred to the undersigned for Report and Recommendation. (ECF No. 18).

**2.　Applicable Law**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The

---

[1] Frank J. Bisignano has been appointed to serve as Commissioner of the Social Security Administration, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[Commissioner] bears the burden of proving that its position in the administrative and judicial proceeding below was substantially justified.")  An EAJA application must be made within thirty days of a final judgment in an action, *see* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty-day period for an appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhard,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refund[d] to the claimant the amount of the smaller fee." . . . "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past due benefits."

*Id.*  Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action.  *See id.; see also Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour.  *See* U.S.C. § 2412(d)(2)(A).  A court is authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  *Id*.  A court may determine that there has been an increase in the cost of living and may thereby increase the attorney's rate per

hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990).

Pursuant to General Order 39[2], which references the CPI- South Index, the Court has determined that enhanced hourly rates based on a cost-of-living increase are appropriate.

**3.     Discussion**

In the present action, Plaintiff's case was remanded to the Social Security Administration. (ECF No. 15).  Defendant does not object to Plaintiff's prevailing party status and concedes the Government's decision to deny benefits was not "substantially justified; Plaintiff is the prevailing party entitled to recover fees.

Hourly rates are authorized by the EAJA so long as the CPI-South Index justifies this enhanced rate. *See* General Order 39; *see also* 28 U.S.C. § 2412(d)(2)(A) and *Johnson,* 919 F.2d at 504.  Here, the Court finds the CPI-South Index authorized an hourly rate of $252 during 2025 and a rate of $257 during 2026.  Plaintiff's Motion seeks compensation for 23.25 hours of legal work during 2025-2026 at the hourly rate of $252.00.  In its response, the Government criticizes neither the rate employed, nor the hours claimed by Plaintiff.  (ECF No. 19).  Where the litigant seeks a rate lower than that authorized, the Court awards fees at the requested rate.

Pursuant to the EAJA, a court must determine whether the award is reasonable.[3] *Blakeslee v. Social Security Administration,* 2024 WL 2012496, *1 (E.D. Ark. April 25, 2024).  Despite the

---

[2] Per General Order 39, the allowable rate for each year is as follows, and for simplicity's sake, the figure is rounded to the next dollar:

2025 – 307.007 x 125 divided by 152.4 (March 1996 CPI –South) = $251.81~$252.00.

2026 – 313.675 x 125 divided by 152.4 (March 1996 CPI-South) = $257.28~$257.00.

[3] 28 U.S.C. § 2412(b). *See also Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 151–52 (1990) ("The key words chosen by the Congress when enacting the EAJA are 'a court shall' and 'unless the court finds.' These are clear words of direction from the Congress to the courts

lack of objections by the Commissioner, the Court carefully has reviewed counsel's itemization of the work performed. (ECF No. 16-1). Plaintiff's request is justified as counsel has itemized all reasonable and necessary work performed to achieve the result of remand.

The undersigned recommends **GRANTING** Plaintiff's Motion for Attorney's Fees (ECF No. 16), and **AWARDING** attorney's fees in the amount of **$5,859.00,** with these amounts to be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Pursuant to *Astrue v. Ratliff,* 130 S. Ct. 2521 (2010), the EAJA award must be awarded to the "prevailing party" or the litigant. However, if Plaintiff has executed a valid assignment to Plaintiff's counsel of all rights in a fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's counsel. The parties are reminded that the EAJA award herein will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, to prevent a double recovery by counsel for Plaintiff.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the District Court.**

**RECOMMENDED** this 26th day of January 2026.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

---

indicating that it is a court's responsibility to determine whether and at what level attorney's fees are appropriate in an EAJA case.... In accordance with the statutory terms, it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether an amount is offered as representing the agreement of the parties in the form of a proposed stipulation.").